### PERRY *vs.* BOZEMAN.

The verdict in this case is not supported by the evidence.

(*a.*) Where there are several debts due by a debtor to the same creditor, if he makes payments without appropriating them to any special debt, the creditor may appropriate them to any debt which is due.

New Trial. Verdict. Debtor and Creditor. Before Judge HOOD. Terrell Superior Court. May Term, 188..

Reported in the decision.

C. B. WOOTEN; L. C. HOYL, for plaintiff in error.

GUERRY & PARKS, for defendant.

CRAWFORD, Justice.

Bozeman, the complainant in this cause, filed his bill in equity in January, 1880, against Perry, the defendant, to compel the specific performance of a contract. He alleged that he had called on the defendant to buy in his land for him, which was about to be sold under an execution in May, 1871, and allow him to redeem it. That the defendant agreed to do so, did buy it in for about $265.00, and received the sheriff's deed. That he turned over to the defendant, Perry, an order on the treasurer of Sumter county upon which he had collected about $200.00; that he had paid him besides at different times $130,00, all toward the redemption of his land, but that the defendant was about to dispossess him as a tenant holding over. His prayer was for a perpetual injunction against

being dispossessed, and that the defendant execute titles to him for the said land. On the trial the jury found for the complainant. The defendant moved for a new trial because the verdict was contrary to evidence, and because the jury found contrary to the charge of the court, in that they were instructed, if Perry had several demands against Bozeman and he failed to direct the payment of money to Perry, then Perry could appropriate the same at his election.

Whilst this court will not undertake to weigh testimony, and decide which way the balance falls, yet there must always appear enough in the record to support the verdict.

In this case, that which accompanies the record shows these facts: That in May, 1871, the defendant bid off at the request of complainant his land, which was sold by the sheriff, at $265.00, and in the way of redemption received from him an order on Sumter county for $150.00, with some accrued interest; that in 1872, 1873 and 1874 notes for $10.00 each were given as rent, but which were by the mutual understanding of the parties not to be paid, but were given to show the possession of Perry, the purchaser.

In December, 1874, the parties had a meeting in the store of the defendant, when some calculations were made by Perry about this business, and which ended by Perry's giving the complainant, Bozeman, his due bill for $82.65, which Perry said was the amount due complainant, which due bill, with the calculations, Bozeman took

The next year, being 1875, Bozeman gave Perry his note for 500 pounds of lint cotton, specified as the rent for this land. In 1876 he again gave his note for $50.00 for the rent of this land. In 1877 he gave another note for $120,00 for the rent of this land. In 1878 complainant himself swears that Perry would not rent him the land, but rented it to another person by the name of West, and that he gave Perry $25.00 to get West to cancel the trade so that he (Bozeman) could rent the place. In

1879 Bozeman, the complainant, again rented the land, executing his note to Perry therefor, and in the body of the note itself he agreed not only to pay $64.00 for the rent, but "to split and put up 3,000 new rails, for which he was to be allowed eighty cents per hundred." And on this note he paid $40.00, November 27th, 1879. So that it appears that he paid one rent note of $50.00 for 1876; $40.00 which was obtained by distress warrant, and the $40.00 paid about one month only before the filing of this bill.

Whether the brief of the testimony be accurate and full we have no means of knowing, but how the jury under this evidence could have found the land for the complainant and the sum of twenty-two dollars and seventy cents in addition, is wholly unsatisfactory to this court. It is certainly not sustained by the proofs.

On the second point, that there were other dealings between the parties they both agree; and if payments were made without direction, the creditor may appropriate them to any debts which he holds against the debtor and which are due.

Judgment reversed,